UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____
Civ      _____

STEFANIA ALBI,

Plaintiff,

v.

PRESTIGE CRUISES INTERNATIONAL INC.,
PRESTIGE CRUISE HOLDINGS INC.,
OCEANIA CRUISES INC., SEVEN SEAS
CRUISES S. DE R. L., LLC d/b/a REGENT
SEVEN SEAS CRUISES, and GABRIELE
CAVICCHI et al,

Defendants.
_____/

**COMPLAINT**

STEFANIA ALBI ("ALBI"), Plaintiff, by and through its counsel, Tosolini, Lamura, Rasile & Toniutti LLP, in the above styled cause, sue Defendants PRESTIGE CRUISES INTERNATIONAL, INC. ("PCI"), PRESTIGE CRUISE HOLDINGS, INC. ("PCH"), OCEANIA CRUISES, INC. ("OC"), SEVEN SEAS CRUISES S.DE R. L., LLC d/b/a REGENT SEVEN SEAS CRUISES ("SSC") and GABRIELE CAVICCHI ("Cavicchi") (collectively, "Defendants"). This action is filed under 28 U.S.C. 1332(a).

**NATURE OF THE CASE**

1.      This is an action for misrepresentation and fraud, tortious interference with a contract, tortious interference with prospective economic advantage, breach of implied covenants of good faith and fair dealings, breach of fiduciary duties, and a violation of Florida's unfair and

deceptive trade practices act in which STEFANIA ALBI seeks to recover damages caused by Defendants plus interests, cost of litigation and attorney fees. By way of background, Ms. Albi is a 40% shareholder and former director of Industrial Marine S.r.l. ("Industrial"). Defendants PCI, PCH, OC, and SSC ("Cruises") ordered parts and products from Industrial, pursuant to which Industrial filled the order, delivered the goods to Cruises, and invoiced Cruises for the goods that were delivered. Upon information and belief, Cruises accepted the goods but remitted payment to a completely different account in a completely different bank – even in a different country – other than what Industrial and Cruises agreed, which was/is not owned or controlled by Industrial but was/is owned and controlled by Defendant Cavicchi. As a result of Defendants' actions, Ms. Albi's expected profit and value of shares in Industrial significantly diminished and Ms. Albi lost her position as director and all her shares in the company.

## THE PARTIES

2.  At all relevant times hereinafter mentioned, Plaintiff, Albi, is an Italian citizen located at Via IV Novembre Nr 80, 21058 Solbiate Olona (Varese) Italy.

3.  Upon information and belief, at all relevant times hereinafter mentioned, Defendant, PCI, is a corporation organized and existing under the laws of the State of Florida located at 7665 Corporate Center Drive, Miami, FL 33126, with its principal place of business in Miami, Florida.

4.  Upon information and belief, at all relevant times hereinafter mentioned, Defendant, PCH, is a corporation organized and existing under the laws of the State of Florida located at 7665 Corporate Center Drive, Miami, FL 33126, with its principal place of business in Miami, Florida.

5. Upon information and belief, at all relevant times hereinafter mentioned, Defendant, OC, is a corporation organized and existing under the laws of the State of Florida located at 7665 Corporate Center Drive, Miami, FL 33126, with its principal place of business in Miami, Florida.

6. Upon information and belief, at all relevant times hereinafter mentioned, Defendant, SSC, is a limited liability company organized and existing under the laws of the State of Florida located at 7665 Corporate Center Drive, Miami, FL 33126, with its principal place of business in Miami, Florida.

7. Upon information and belief, at all relevant times hereinafter mentioned, Defendant Cavicchi operates, conducts, engages in, or carries on a business or business venture in the State of Florida and resides in Florida.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. 1332(a), by reason of the diversity of citizenship of the parties and the fact that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

9. There is complete diversity of citizenship between Plaintiff, who is an Italian citizen and Defendants, who are all citizens of Florida or Florida business entities with their principal place of business in Miami, Florida.

10. This Court has personal jurisdiction over Defendants because Defendants are all located within this judicial district or operates, conducts, engages in, or carries on a business or business venture or transact business within this judicial district.

11. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(1) because all Defendants reside in this judicial district pursuant to 28 U.S.C. 1391(c)(2); pursuant to 28 U.S.C.

1391(b)(2) because a substantial part of the events giving rise to the claims herein occurred in this judicial district; and pursuant to 28 U.S.C. 1391(b)(3) because Defendants are subject to personal jurisdiction in this judicial district.

## FACTS APPLICABLE TO ALL COUNTS

12.     Plaintiff, Stefania Albi, is an Italian citizen and is a shareholder and former sole director of Industrial, which provides specific services including manufacturing environmentally friendly machineries for the treatment of water on ships, logistics, transportation, paperwork, and the supply of related parts to companies throughout the world, including the United States.  Albi is a forty-percent (40%) shareholder in Industrial.  Albi has been a shareholder of Industrial since about 2012.

13.     PCI, PCH, OC, and SSC (collectively "Cruises") are business entities based in Florida and focus primarily with the operation of several premium cruises both domestically and internationally.  All four business entities maintain a common ownership and work in unison.

14.     Upon information and belief, Industrial, through the approval and authority of the former sole director Albi, and Cruises (through their agents with actual authority) have been conducting business with each other since 2011.

15.     Based on the recommendation of Defendant Gabriele Cavicchi ("Cavicchi"), Industrial's sales representative at the time, and based specifically on Cavicchi's personal relationship with Cruises' agent Senior Director of Technical Operations, Carlo Paiella, and other top executives of Cruises, Albi agreed to have Industrial transact and develop a business relationship with Cruises.

16.     Upon information and belief, Cavicchi, was responsible for Industrial's business activities with Cruises.

17. Cruises entered an agreement with Industrial for the purchase of certain equipment and machineries for Cruises' fleet of cruise ships.

18. Industrial and Cruises engaged in fruitful business activities, which resulted in Industrial sending numerous invoices to Cruises and Cruises paying said invoices directly to a Deutsche Bank account owned and controlled by Industrial.

19. On or about July 31, 2012, Cruises agreed to purchase from Industrial a Desalinator Model AMRO 24MS840 ("Desalinator") for the amount of €494,242.00.

20. On or about July 31, 2012, Industrial provided to Cruises Invoice No. 18 for the partial payment of the Desalinator in the amount of €125,587.28 (*see* Exhibit A).

21. On or about October 31, 2012, Industrial delivered to Cruises the Desalinator.

22. On or about October 31, 2012, Cruises accepted delivery of the Desalinator by Industrial.

23. On or about December 31, 2012, Industrial provided to Cruises Invoice No. 20 for partial payment of the Desalinator in the amount of €345,972.10 (*see* Exhibit B).

24. In accordance with previous transactions and agreed upon between Industrial and Cruises, Cruises were to pay Invoice Nos. 18 and 20 directly to Industrial's Deutsche Bank account (*see* Exhibits A and B).

25. Upon information and belief, Cruises made payments for Invoice Nos. 18 and 20 to an Emirates NBD Bank account that is associated with Cavicchi's name located in Dubai, United Arab Emirates, based on an invoice by a "Yodit Enterprises FZE," which at no time was or is affiliated with or connected in any way to Industrial or Albi (*see* Exhibit C).

26. At no point did Cruises communicate to Albi or Industrial that Cruises received a completely different invoice from that of the parties' previous course of dealings and instruction,

which included a completely different company name, a completely different beneficiary and a completely different bank account connected to an off-shore company.

27. Up to this date, Cruises have failed to pay Invoice Nos. 18 and 20 for a total amount of €471,559.38 (*See* Exhibits A and B).

28. Between October 2013 and February 2014, Industrial attempted to resolve the issue amicably with Cruises, despite the substantial amount at stake.

29. On or about April 29, 2015, Industrial, through its legal representatives, contacted Cruises to request immediate payment of the amounts owed.

30. In response to the April 29, 2015 demand, Cruises alleged a theory of good-faith payment to this different account, in a different jurisdiction, to a different party, but still, in good faith. Cruises also alleged, first that performance never occurred, but then that it was defective. Industrial delivered goods to Cruises pursuant to the parties' agreement, Cruises accepted the delivery of goods, Industrial invoiced Cruises for a total amount of €471,559.38, but Cruises refuse to pay Industrial for Industrial's delivery and performance.

31. Upon information and belief, Cruises (all four entities) has conducted the scheme of paying an unknown bank account to Cavicchi as early as 2012 for the purpose of obtaining discounts to the detriment of Albi. Due to Cavicchi's personal relationships with Cruises – specifically with cruises agents (with actual authority) Carlo Paiella, Paolo Mele and Sarah Roche – Cruises were able to get materials and goods from Industrial as well as direct discounts for said materials and goods in the form of repayment by Cavicchi who had direct access to the monetary payments made by Cruises by way of his off-shore bank account (without the knowledge of Albi). Although Albi relied on Cavicchi's recommendations and Cruises' alleged good will in order to develop a business relationship with Industrial, Cavicchi and Cruises'

scheme caused direct damage to Albi – specifically, Albi's reliance caused Industrial to lose significant revenue and profit that pushed the company to insolvency, which subsequently caused Albi to lose her position as sole director of Industrial and her shares of the company. Subsequently, Cavicchi kept the money paid by Cruises and never gave the money to Industrial yet Industrial with left with the cost of goods sold.  All the Defendants knew that Albi was unaware of the scheme and that this conduct was fraudulent and deceptive.

32. Through personal connections of Cruises with the majority (60% percent interest) shareholder of Industrial, wife of Cavicchi (for the benefit of Gabriele Cavicchi), who ultimately received the payment in Dubai, Cruises caused: (i) Albi to be removed as sole director of Industrial; (ii) the insolvency status of Industrial; (iii) the filing of a bankruptcy procedure in Italy of Industrial; (iv) the loss of income of Albi via the misdirection of almost Euro 500,000.00 to this Yodit Enterprises FZE; (v) the loss of livelihood of Albi via the misdirection of, once more, this Euro 500,000.00 to Yodit Enterprises FZE; (vi) and the loss of the Albi's shares of Industrial.

## COUNT I – MISREPRESENTATION AND FRAUD

33. Albi reasserts and incorporates by reference the allegations set forth in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Upon information and belief, with regards to the unpaid invoices, Defendants made false representations to Albi as Director of Industrial, when Defendants promised to pay for goods with knowledge that they were not going to honor those promises.

35. Upon information and belief, Defendants made false representations with knowledge and belief (*scienter*) that the representations were false and for the purpose of inducing Industrial to enter into a business relationship.

36. Upon information and belief, Defendants intended to induce Industrial to enter into a contract and provide machineries that Defendants were not going to pay for.

37. Albi, as former Sole Director and Shareholder of Industrial, justifiability relied upon the representations made by Defendants as to the expectancy of receiving a substantial payment in the amount of Euro 500,000.00.

38. As the result of Defendants' acts, Industrial incurred a substantial loss in value (because they paid for the cost of goods sold but were not paid for the goods actually given to Cruises), which resulted in substantial damages for Albi.

39. Accordingly, Defendants are liable for fraud.

40. By reason of the foregoing, Albi is entitled to recover punitive damages from Defendants.

**WHEREFORE**, Albi demands entry of judgment against Defendants for the full amount of Albi's damages in an amount of no less than Euro 500,000.00 plus reasonable attorneys' fees, costs, interest and any further relief this Court deems just and proper.

## COUNT II – BREACH OF IMPLIED COVENANTS OF GOOD FAITH AND FAIR DEALINGS

41. Albi reasserts and incorporates by reference the allegations set forth in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

42. Florida recognizes the implied covenant of good faith and fair dealing in every contract. Cox v. CSX Intermodal, Inc., 732 So. 2d 1092, 1097 (Fla. Dist. Ct. App. 1999). *See also* Sepe v. City of Safety Harbor, 761 So.2d 1182, 1184 (Fla. 2d DCA 2000); RESTATEMENT (SECOND) OF CONTRACTS § 205 (1981).

43. One of the implied contract terms recognized in Florida law is the implied covenant of good faith, fair dealing, and commercial reasonableness. Id. at 1097.

Case 1:16-cv-21702-UU   Document 1   Entered on FLSD Docket 05/13/2016   Page 9 of 14

44. The purpose of the implied covenant of good faith is "to protect the reasonable expectations of the contracting parties." Ins. Concepts & Design, Inc. v. Healthplan Services, Inc., 785 So.2d 1232, 1234-35 (Fla. 4th DCA 2001). *See also* Cox v. CSX Intermodal, Inc., 732 So.2d 1092, 1097 (Fla. 1st DCA 1999) ("[T]he implied covenant of good faith and fair dealing is designed to protect the contracting parties' reasonable expectations.").

45. Moreover, "where the terms of the contract afford a party substantial discretion to promote that party's self-interest, the duty to act in good faith nevertheless limits that party's ability to act capriciously to contravene the reasonable contractual expectations of the other party. Cox v. CSX Intermodal, Inc., 732 So. 2d 1092, 1097-98 (Fla. Dist. Ct. App. 1999).

46. In the present case, Albi's reasonable commercial expectation as sole director and shareholder of Industrial was to obtain payment for the goods delivered.

47. Defendants had a duty to act in good-faith and in a commercially reasonable manner when performing their obligation. Furthermore, based on the course of dealings between the parties, Defendants should have made the payment pursuant to the terms of the agreement with Industrial and pursuant to the invoices Industrial had sent to Defendants.

48. However, Defendants sent about Euro 500,000.00 to an off-shore account against any accounting principle or money laundering industrial practice, to a company named Yodit Enterprises FZE.

49. Therefore, Defendants breached the implied covenant of good faith and fair dealing against Albi and Industrial.

**WHEREFORE**, Albi demands entry of judgment against Defendants for the full amount of Albi's damages in an amount of no less than Euro 500,000.00 plus reasonable attorneys' fees, costs, interest and any further relief this Court deems just and proper.

## **COUNT III – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

50. Albi reasserts and incorporates by reference the allegations set forth in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

51. Tortious interference with business relations occurs when a defendant engages in some act with malicious intent to interfere and injure the business of another. For purposes of this tort, "malice" is defined as acts done with the unlawful purpose of causing damage and loss, without right or justifiable cause.

52. The Defendants have repeatedly engaged in malicious actions and a course of conduct designed to interfere with and injure Albi's business relations and prospective business relations with Industrial as sole director and shareholder and with third parties.

53. Defendants allegedly paid a completely different invoice containing completely different information than the invoices used by Industrial and Defendants throughout other identical transactions, without inquiry regarding the invoice's authenticity.

54. Defendants knew such payment was not in the normal course of dealings of previous identical transactions since the invoice differed greatly from invoices used in previous transactions between Defendant and Industrial.

55. By allegedly paying a completely different invoice containing completely different information than the ones used by the same parties throughout other identical transactions, Defendants caused significant damage and lost profit that directly impacted the value of Industrial and the value of Albi's shares of Industrial.

56. By reason of the foregoing, Albi is entitled to recover punitive damages from Defendants.

**WHEREFORE**, Albi demands entry of judgment against Defendants for the full amount of Albi's damages in an amount of no less than Euro 500,000.00 plus reasonable attorneys' fees, costs, interest and any further relief this Court deems just and proper.

### COUNT IV – TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

57. Albi reasserts and incorporates by reference the allegations set forth in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

58. Albi, as Sole Director of Industrial, engaged in business with many clients that yielded a reasonable expectation of economic benefit.

59. The Defendants' intentional and unjustified nonpayment resulted in a substantial loss of value of Industrial, removal of Albi as sole director of Industrial and ultimately the insolvency status of Industrial.

60. Defendants' conduct interfered with Albi's expectancy of economic benefit given that Defendants' actions were a direct cause of Industrial's status of insolvency, Albi's position as director and Albi's livelihood.

61. Albi had a reasonable probability of receiving economic benefit from the continued business of Industrial and her clients as evidenced by past business revenues that Albi is now deprived because of Defendants' tortious actions.

62. By paying a completely different invoice containing completely different information than the information used by the same parties throughout other identical transactions, Defendants caused significant damage and lost profit that directly impacted the value of Industrial, the value of Albi's shares of Industrial and Albi's loss of position as Sole Director of Industrial.

63. By reason of the foregoing, Albi is entitled to recover punitive damages from Defendants.

**WHEREFORE**, Albi demands entry of judgment against Defendants for the full amount of Albi's damages in an amount of no less than Euro 500,000.00 plus reasonable attorneys' fees, costs, interest and any further relief this Court deems just and proper.

## COUNT V – BREACH OF FIDUCIARY DUTY

64. Albi reasserts and incorporates by reference the allegations set forth in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

65. Defendants have breached the duties they owe to the Albi, by directly causing the economic demise of Industrial, engaging in self-dealing to the detriment of Albi and converting the assets of Albi to their own benefits, among other things.

66. By reason of the foregoing, Albi is entitled to recover punitive damages from Defendants.

**WHEREFORE**, Albi demands entry of judgment against Defendants for the full amount of Albi's damages in an amount of no less than Euro 500,000.00 plus reasonable attorneys' fees, costs, interest and any further relief this Court deems just and proper.

## COUNT VI – VIOLATION OF FLORIDA'S UNFAIR AND DECEPTIVE TRADE PRACTICES ACT § 501.204, FLORIDA STATUTES.

67. Albi reasserts and incorporates by reference the allegations set forth in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

68. Pursuant to § 501.204(1), Florida Statutes: "Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

69. All Defendants were engaged in the conduct of commerce, when the actions in question took place.

70. The scheme of Cruises wiring the Industrial invoice payment to Cavicchi's wife's company in Dubia for the purpose of obtaining a discount on parts is an unfair and deceptive act and practice as the money was owed to Industrial and not Cavicchi's wife's company. Cruises knew this was fraudulent as they knew Cavicchi was not going to forward the money to Industrial.

71. Cavicchi's conduct was clearly unfair and deceptive as he diverted Industrial's invoice payment to his wife's company's account for the purpose of keeping the money for himself and never giving the payment to Industrial.

72. After the payments were diverted by Cavicchi and Cruises, Cavicchi then used his wife's 60% share interest to vote Albi out as director before Albi could know about the scheme.

73. As a result, Albi is now damaged as Albi's 40% Share ownership of Industrial is now worthless, because the non-payment of over $500,000 (taken by Cavicchi with the help of Cruises) in goods caused Industrial to become insolvent and defunct.

**WHEREFORE**, Albi demands entry of judgment against Defendants for the full amount of Albi's damages in an amount of no less than Euro 500,000.00 plus reasonable attorneys' fees, costs, interest and any further relief this Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Albi respectfully requests the Court to enter judgment in its favor on all claims against the Defendants for an amount of no less than Euro 500,000.00, and to award such other and further relief as the Court deems just and proper, including, but not limited to:

a.) Compensatory damages in an amount to be proven at trial for any loss sustained by Albi;

b.) Prejudgment and post-judgment interest at the applicable rates pursuant to Federal Code of Civil Procedure;

c.) An award of costs and attorney's fees, incurred with respect to the commencement and prosecution of this action; and

d.) Such further relief as the Court deems just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Albi demands a jury trial on all issues so triable.

Dated: May 12, 2016                                  Respectfully submitted,

/s/ David Constantino

_____
DAVID CONSTANTINO, ESQ.
Florida Bar No.:0942081
david.constantino@tlrtlaw.com
TOSOLINI, LAMURA, RASILE &
TONIUITTI, LLP
407 Lincoln Road, Suite 11-C
Miami Beach, FL 33139
Telephone:    305-534-0420
Facsimile:    646-536-8719
Attorneys for Plaintiff Stefania Albi